**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Autumn Chamberlain, *on behalf of herself and all others similarly situated*,<br><br>        Plaintiff,<br> v.<br><br>NRA Group, LLC d/b/a National Recovery Agency,<br><br>        Defendant. | Civil Action No.: 1:21-cv-00281-JEJ<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

  For her First Amended Class Action Complaint, Plaintiff, Autumn Chamberlain, by and through her undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

  1. Plaintiff, Autumn Chamberlain ("Plaintiff"), brings this class action for damages resulting from NRA Group, LLC d/b/a National Recovery Agency's ("NRA" or "Defendant") placement of debt collection text messages to Plaintiff's cellular phone after Plaintiff requested in writing that NRA "STOP" sending such messages, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

  2. NRA is a nationwide debt collector. As part of its debt collection operations, NRA bombards consumers with multiple debt collection text messages, even after the consumers ask NRA to "STOP" sending the messages and after NRA falsely claims that the consumer has "successfully been unsubscribed" and "will not receive any more messages from this number."

  3. Plaintiff is one such consumer. After receiving a number of debt collection messages from NRA that advised Plaintiff "To stop receiving text messages reply STOP," Plaintiff messaged NRA to "STOP" sending the messages.

4. When Plaintiff messaged NRA to "STOP" sending her messages, NRA responded by messaging Plaintiff "You have successfully been unsubscribed. You will not receive any more messages from this number. Reply START to resubscribe."

5. Plaintiff never messaged NRA "START."

6. Nonetheless, NRA continued to send Plaintiff near-identical subsequent debt collection text messages after Plaintiff asked NRA to "STOP" messaging her.

7. Plaintiff seeks relief for herself and all others similarly situated for NRA's unlawful behavior.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because her claims arise under the federal Fair Debt Collection Practices Act. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

9. The Court has personal jurisdiction over NRA because NRA's principal place of business is located in this District.

10. Venue is proper in this District in the acts that give rise to Plaintiff's claims – including but not limited to Defendant's sending of text messages to Plaintiff – occurred within this District.

## PARTIES

11. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Lutz, Florida.

12. NRA is a Pennsylvania company with its principal place of business located at 2491 Paxton Street, Harrisburg, Pennsylvania 17111.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

13. Plaintiff incurred an alleged debt (the "Debt") arising out residential utilities, to the City of Pinellas Park. (the "Original Creditor").

14. The Debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

15. Thereafter, the Original Creditor sold the Debt to NRA or otherwise enlisted NRA to collect the Debt on its behalf.

16. Within the last year, NRA began placing text messages to Plaintiff's cellular telephone, number 914-XXX-1316, in an attempt to collect the Debt.

17. The text messages provided the name of the Original Creditor and the alleged balance owed. In addition, the text messages provided NRA's name, address, and telephone number, and directed Plaintiff to "send your payment to the address below" or to make a payment via a website.

18. Further, the text messages noted that they were attempts to collect the Debt.

19. The messages NRA sent to Plaintiff were near-identical to one another and to messages that NRA sent to other consumers across the country.

20. The messages NRA sent to Plaintiff – along with the messages NRA sent to other consumers – advised Plaintiff "To stop receiving text messages reply STOP."

21. Plaintiff repeatedly messaged "STOP" to NRA in order to get it to stop sending her debt collection text messages.

22. Each time Plaintiff messaged "STOP," NRA responded by claiming "You have successfully been unsubscribed. You will not receive any more messages from this number. Reply START to resubscribe."

23. However, notwithstanding Plaintiff's requests for NRA to "STOP" and NRA's promises that it would stop messaging her, NRA continued to send debt collection text messages to Plaintiff's cellular telephone demanding a payment towards the Debt.

24. Plaintiff's time was wasted tending to NRA's text messages sent after she expressly asked NRA to "STOP" messaging her.

25. Moreover, NRA's post-STOP messages annoyed, frustrated, and angered Plaintiff.

26. Plaintiff's receipt of Defendant's unauthorized debt collection messages drained Plaintiff's phone battery and caused Plaintiff additional electricity expenses and wear and tear on her phone and battery.

## CLASS ACTION ALLEGATIONS

### A. The Class

27. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

28. Plaintiff represents, and is a member of the following class:

**All persons within the United States to whom NRA or its agent/s and/or employee/s sent a debt collection text message to said person's cellular telephone within the one year period prior to the filing of the Complaint, after said person had previously messaged "STOP," "Stop" or "stop" to NRA.**

29. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

### B. Numerosity

30. Upon information and belief, Defendant has placed debt collection text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States,

after receiving messages asking it to "STOP."  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

31. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the class members is a matter capable of ministerial determination from Defendant's records.

### C. Common Questions of Law and Fact

32. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  These questions include:

   a. Whether Defendant sent debt collection text messages to Plaintiff and Class members' cellular telephones after being advised to 'stop' sending such messages;

   b. Whether Defendant's practice of sending debt collection text messages to consumers after being asked to 'stop' doing so violates the FDCPA;

   c. Whether Defendant is liable for damages, and the amount of such damages; and

   d. Whether Defendant should be enjoined from such conduct in the future.

33. The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely places debt collection text messages to telephone numbers assigned to cellular telephone services after being asked to 'stop' is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

34. Plaintiff's claims are typical of the claims of the Class members, as they are all

based on the same factual and legal theories.

E. <u>**Protecting the Interests of the Class Members**</u>

35. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

F. <u>**Proceeding Via Class Action is Superior and Advisable**</u>

36. A class action is the superior method for the fair and efficient adjudication of this controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA. In addition, the interest of Class members in individually controlling the prosecutions of separate claims against NRA is small because it is not economically feasible for Class members to bring individual actions.

37. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

38. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

39. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

40. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class

members.

41. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## COUNT I
## Violations of the Fair Debt Collection Practices Act,
## 15 U.S.C. § 1692c(c)

42. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

43. The FDCPA, 15 U.S.C. § 1692c(c) provides that "If a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy."

44. Plaintiff and members of the putative class each notified Defendant that they wished NRA to cease sending them further communications when they messaged NRA 'stop' but NRA nonetheless proceeded to send Plaintiff and members of the putative class subsequent debt collection text messages.

45. Moreover, Defendant's subsequent post-Stop messages sought to collect consumers debts and demanded payments from Plaintiff and members of the putative class; the messages did not advise that Defendant's further efforts were being terminated nor did they state that Defendant may invoke specified remedies which are ordinarily invoked by Defendant or

notify Plaintiff or members of the putative class that Defendant intended to invoke a specified remedy.

46. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Actual and statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

2. An award of attorneys' fees and costs to counsel for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

3. Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 22, 2021

> Respectfully submitted,
> By /s/ Sergei Lemberg
> Sergei Lemberg, Esq.
> Bar #317359
> LEMBERG LAW, L.L.C.
> 43 Danbury Road, 3rd Floor
> Wilton, CT 06897
> Telephone: (203) 653-2250
> Facsimile:  (203) 653-3424
> E-mail: slemberg@lemberglaw.com
> Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this, the 22nd day of April, 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of such filing to all counsel of record.

                                      */s/ Sergei Lemberg*
                                        Sergei Lemberg