# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUTUMN CHAMBERLAIN, *on behalf of herself and all others similarly situated* | : : : : | ELECTRONICALLY FILED |
| Plaintiff, | : : | Civil Action No.: 1:21-cv-00281-JEJ |
| vs. | : : : | |
| NRA GROUP, LLC D/B/A NATIONAL RECOVERY AGENCY | : : : | CHIEF JUDGE JOHN E. JONES III |
| Defendant. | : | |

## NRA GROUP, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Defendant, NRA Group, LLC d/b/a National Recovery Agency ("NRA"), by counsel, submits the following Answer to Plaintiff's First Amended Class Action Complaint ("Complaint").

NRA denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. NRA further states that its investigation of the present matter is ongoing. Accordingly, NRA reserves the right to amend this Answer. NRA denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint

In response to the separately numbered paragraphs in the Complaint, NRA states as follows:

## INTRODUCTION

1. NRA admits Plaintiff purports to bring his claims against NRA under the Fair Debt Collection Practices Act, 15. U.S.C. § 1692, *et seq.* ("FDCPA"). NRA denies any remaining allegations in Paragraph 1 of the Complaint, including that it violated the FDCPA.

2. The allegations in Paragraph 2 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 2 of the Complaint are denied.

3. The allegations in Paragraph 3 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 3 of the Complaint are denied.

4. The allegations in Paragraph 4 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the remaining allegations in Paragraph 4 of the Complaint are denied.

5. NRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore, denies the same.

6. The allegations in Paragraph 6 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the remaining allegations in Paragraph 6 of the Complaint are denied.

7. The allegations in Paragraph 7 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 7 of the Complaint are denied.

## JURISDICTION AND VENUE

8. The allegations in Paragraph 8 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 8 of the Complaint are denied.

9. The allegations in Paragraph 9 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 9 of the Complaint are denied.

10. The allegations in Paragraph 10 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 10 of the Complaint are denied.

## PARTIES

11. NRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore, denies the same.

12. NRA states that it is a Pennsylvania company with its principal place of business located at 2491 Paxton Street, Harrisburg, Pennsylvania 17111.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

13. The allegations in Paragraph 13 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 13 of the Complaint are denied.

14. NRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore, denies the same.

15. The allegations in Paragraph 15 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 15 of the Complaint are denied.

16. The allegations in Paragraph 16 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the remaining allegations in Paragraph 16 of the Complaint are denied.

17. The allegations in Paragraph 17 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the remaining allegations in Paragraph 17 of the Complaint are denied.

18. The allegations in Paragraph 18 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the remaining allegations in Paragraph 18 of the Complaint are denied.

19. NRA denies the allegations in Paragraph 19 of the Complaint.

20. The allegations in Paragraph 20 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the remaining allegations in Paragraph 20 of the Complaint are denied.

21. The allegations in Paragraph 21 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the remaining allegations in Paragraph 21 of the Complaint are denied.

22. The allegations in Paragraph 22 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is

required. In the event a response is deemed to be required, the remaining allegations in Paragraph 22 of the Complaint are denied.

23. The allegations in Paragraph 23 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the remaining allegations in Paragraph 23 of the Complaint are denied.

24. NRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore, denies the same.

25. NRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore, denies the same.

26. NRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore, denies the same.

## CLASS ACTION ALLEGATIONS

**A.** **The Class**

27. NRA admits Plaintiff purports to bring this claim individually and on behalf of a class. NRA denies this matter may be properly maintained against NRA

as a class action. Except as expressly admitted, NRA denies any remaining allegations in Paragraph 27 of the Complaint.

28. NRA admits Plaintiff purports to bring this claim individually and on behalf of a class. NRA further admits Plaintiff purports to define the class as stated in Paragraph 28 of the Complaint. NRA denies this matter may be properly maintained against NRA as a class action. Except as expressly admitted, NRA denies any remaining allegations in Paragraph 28 of the Complaint.

29. The allegations in Paragraph 29 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 29 of the Complaint are denied.

**B.** **Numerosity**

30. The allegations in Paragraph 30 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 30 of the Complaint are denied.

31. The allegations in Paragraph 31 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 31 of the Complaint are denied.

**C.** **Common Questions of Law and Fact**

32. The allegations in Paragraph 32 of the Complaint, including subparagraphs (a.) through (d.), state conclusions of law, to which no response is

necessary. In the event a response is deemed to be required, the allegations in Paragraph 32 of the Complaint are denied.

33. The allegations in Paragraph 33 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 33 of the Complaint are denied.

D. **Typicality**

34. The allegations in Paragraph 34 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 34 of the Complaint are denied.

E. **Protecting the Interests of the Class Members**

35. The allegations in Paragraph 35 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 35 of the Complaint are denied.

F. **Proceeding Via Class Action is Superior and Advisable**

36. The allegations in Paragraph 36 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 36 of the Complaint are denied.

37. NRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and therefore, denies the same.

38. NRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore, denies the same.

39. NRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore, denies the same.

40. NRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore, denies the same.

41. NRA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore, denies the same.

## COUNT I
## Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c)

42. NRA incorporates and re-asserts its responses to the preceding paragraphs as if fully stated herein.

43. The allegations in Paragraph 43 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 43 of the Complaint are denied.

44. The allegations in Paragraph 44 of the Complaint state conclusions of law, to which no response is necessary. In the event a response is deemed to be required, the allegations in Paragraph 44 of the Complaint are denied.

45. The allegations in Paragraph 45 of the Complaint refer to documents which speak for themselves or state legal conclusions to which no response is required. In the event a response is deemed to be required, the remaining allegations in Paragraph 45 of the Complaint are denied.

46. NRA denies the allegations in Paragraph 46 of the Complaint.

## PRAYER FOR RELIEF

47. NRA denies the allegations in unnumbered "Wherefore" paragraph, including subparagraphs (1.) through (3.) of the Complaint.

48. NRA admits Plaintiff's Complaint contains a jury demand. NRA denies Plaintiff is entitled to a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

NRA hereby sets forth the following affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against NRA and fails to state facts sufficient to entitle Plaintiff to the relief sought.

## SECOND AFFIRMATIVE DEFENSE
### (Compliance/Good Faith)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, NRA acted in good faith and complied fully with the Fair Debt Collection Practices Act ("FDCPA").

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

Plaintiff's claims under the FDCPA fail to the extent that any violation resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Fair and Conscionable Means)

Plaintiff's claims fail to the extent that the means employed by NRA to collect the debt(s) at issue were fair and conscionable.

## FIFTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which NRA continues to deny, were the direct and proximate result of the conduct of Plaintiff or others.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate her alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (Authorization)

Plaintiff's claims fail to the extent that NRA's actions were authorized by the terms of the underlying agreement(s) creating the debt(s).

## EIGHTH AFFIRMATIVE DEFENSE
### (Vicarious Liability)

Plaintiff's claims against NRA fail to the extent that Plaintiff seeks to hold NRA liable, vicariously or otherwise, for the acts or omissions of others.

## NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's Complaint fails to the extent that it is barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE
### (Statutory Damages)

Plaintiff cannot recover from NRA for statutory damages on the grounds that any award of statutory damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim. Stating further, any award of statutory damages would violate the constitutional standards enunciated

in cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### ELEVENTH AFFIRMATIVE DEFENSE
### (Injury-In-Fact)

Plaintiff cannot recover from NRA under the Complaint to the extent she has not alleged or cannot maintain an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

### TWELFTH AFFIRMATIVE DEFENSE
### (Standing)

The Complaint is barred, in whole or in part, to the extent Plaintiff lacks standing.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Satisfy Requirements of FRCP 23)

Plaintiff cannot maintain this case as a class action to the extent it does not satisfy the requirements of Federal Rule of Civil Procedure 23 for, among other reasons, Plaintiff's claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; the members of the class are not readily ascertainable; Plaintiff and her counsel are unable to fairly and adequately protect the interests of the putative class members;

and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Due Process)

Plaintiff cannot recover from NRA as a class action to the extent such class recovery would deprive NRA of its due process rights to assert individualized defenses to claims of putative class members.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Arbitration)

To the extent Plaintiff has agreed to arbitrate this dispute in the original agreement creating the obligation, the Complaint violates that agreement and this matter should be dismissed and/or stayed pending arbitration.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Right to Additional Defenses)

NRA reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant, NRA Group, LLC d/b/a National Recovery Agency, requests that the Court enter an order: (1) dismissing the Complaint with prejudice; (2) awarding NRA its costs and expenses incurred herein; and (3) awarding NRA such other and further relief as the Court may deem just and proper.

Dated: May 13, 2021                                Respectfully submitted,

*s/ Justin G. Weber*
Justin G. Weber (PA 89266)
Troutman Pepper
Hamilton Sanders LLP
100 Market Street, Suite 200
P.O. Box 1181
Harrisburg, PA 17108
(717) 255-1155
justin.weber@troutman.com

Attorney for Defendant

NRA Group, LLC d/b/a National Recovery Agency

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2021, a copy of the foregoing *Defendant's Answer to Plaintiff's First Amended Complaint* was served on counsel of record through the Court's ECF System.

/s/ Justin G. Weber
Justin G. Weber (PA 89266)